Case Numbers 19-3605 and 19-3640 Gerardo Murillo-Reyes v. William P Barr, et al. Oral argument not to exceed 15 minutes per side. Ms. List for the petitioner. May I approach? Yes, please. Good morning. May it please the Court. My name is Maris List Murillo-Reyes. I would like to reserve three minutes for rebuttal. All right. First, I would like to address the government's reliance on an unpublished decision at Missoula regarding the motion for a one-member board decision. The government says that the mere act of the board deciding a case with one judge should allow a person to Sherlock Holmesian infer that they must have made a decision on the motion for a three-member panel. How come you didn't respond to that in your reply brief? I didn't understand that. Because I thought that I had set forth my argument in my... About Amazola? You discussed Amazola in your main brief? No, but I discussed the leading precedent, which precedes... You don't even have to file a reply brief. I just thought it was puzzling that you didn't respond to that. Especially since that's your first response when you stand up. There's an aphorism that oral argument is the last posturne for, the last gate for saying things that you overlook. So that's why I'm opening with that, in fact, Judge Rogers. I want to say that Scortono says that the board must announce decisions. And inside of it, it relies on two unpublished decisions that proceed on Amazola that say the board must, uses the word explicitly, rule on a motion. Here there was no announcement of what the decision was on the three-member motion, no acknowledgement of the motion. And it was actually a contested unopposed motion. So it's super surprising because normally the board says what the position of the other party is, especially when it's an opposed motion. So I submit to you that the published decision, Scortono, which says you must announce a decision and relies on cases saying you must be explicit, that that is the binding precedent. I once had a case in this court called Ward v. Holder where there was a dispute about the standard of proof. And there was an early case that had a high standard. Two subsequent published decisions had a different lower standard. And I came before the court and I said, you know, it's the original case is the right one. And then that's what Ward said, that even though there were two published decisions with the lower standard, that it was the highest. So here's the same thing. The earliest case says that the standard is that there has to be an announcement, an explicit announcement of a decision, which didn't happen here. Now I would like to move on to the motion for administrative notice. This was an unopposed motion. I understand that you can lose an unopposed motion. It hurts. It's demoralizing. But what's even worse is losing an unopposed motion for a ridiculous pretext. And the pretext here was that I hadn't stapled a hard copy of a country report that I downloaded from the BIA's own website. Well, actually, the decision didn't explicitly say that you were being ruled against because you didn't have the country report and travel advisory attached. It just said that the claim of conditions of violence and crime in that locality is insufficient to support a remand for further consideration. So it's sort of ambiguous. It doesn't really say what you're complaining about. Well, I'd like to comment on that. I think that the preceding sentence was the ruling, we're not going to take administrative notice because you haven't stapled the country report to the brief. Then the next sentence says, now, because they're not taking administrative notice of the brief, all they have is the bare naked representations of counsel about general country conditions. And for that, which would just be words, words of the lawyer in my brief about country conditions, that they weren't going to accept those because there's a matter of Ramirez and there's a Finfathia case, which I cited in my brief, which are cases saying that the bare assertions about facts don't count. It has to be corroborating hard evidence. I think that what you're saying is that it's discretionary as to whether administrative notice has to be taken, is it not? Yes. And if it's discretionary, you're complaining that it wasn't adequately explained as to why administrative notice had not been taken. If the taking of notice in the first place is discretionary, why is it so critical that it wasn't further explained? Because the board is not supposed to abuse their discretion. The way that I read the decision, there was one single reason why it was denied, and that was because the country report wasn't given a physical copy. Now, the next sentence says that... I'm having trouble putting my finger on the exact language. It's at the last page of the BIA decision, but I don't have the record in front of me. Is it in one of the briefs? There. Thank you very much. All right. The first part of it says... The way that I read it, there was one single reason... I'm going through it to challenge your reading here. The respondent asserts that violent crime are a common part of Sakatekas, where the respondent is from. While we note that he requested the board to take administrative notice, it's incumbent upon the respondent to submit any additional supplementary evidence in support of a remand that they wish to consider. They haven't done this. So it's kind of tweaking you for not doing something formal. They don't use the word staple, but they say... It's colourful. But then they say, and it's just one sentence, but it says, moreover. It doesn't say therefore. It says, moreover, the respondent's claim of general conditions of violence and crime is insufficient. So you didn't submit it properly, but, you know, we know how to read these things, and it's not sufficient to support a remand, which it sure appears is not. Given the strict standard that the board gives to cancellation of removal, I can see how they could say that fairly summarily. It's not sufficient. But to say they didn't have this sentence in there is misreading this graph of the BIA decision. Isn't it, Ms. Lis? OK. First of all, I want to say that in the record at trial, there was no general evidence of country conditions. Usually, cancellation of removal has to do with the conditions of the people that are being hurt. Right. It's not an asylum claim. Exactly. An individual is not going to get his treatments that are only available in the United States, or something like that is the kind of thing you need. Exactly. So to submit country conditions doesn't really go to that. Exactly. There were no country conditions in the main trial, but Mr. Morello-Rios made very moving testimony about personal tragedies that happened to his Uncle Cruz, you know, having two children kidnapped, and his Uncle Juan having his son killed. He only talked about personal stories. So there was no general country conditions in the record of the trial. So then I introduced country conditions. That's usually what goes on in a cancel, at least from my reading of a lot of these records. You don't look at all of that, because that's asylum oriented. But it was used to show why it would be extraordinary and extremely unusual hardship for these six minor US citizen children to go back to Mexico. It would be a hardship because they would be probably... Something is of unusual nature for that particular claimant, and you're saying it's a general condition. If it's a general condition, it's hard to be something that's unusual hardship. No, because I wasn't saying it was. I'm saying that the record showed that it was personal to his family. And then I said that there's new evidence, like, for example, the new travel warning for Mexico raised the alert. The alert for US citizens and their six US citizen minor children said reconsider travel. So on remand, I'm saying on remand, I'd like you to reconsider whether it's safe for these six minor US citizen children to travel. I understand that argument. All I'm asking is whether the BIA could not have thought that that was a sufficiently weak argument to deal with it in one sentence. You may disagree with that, either that they should have said more or that it's, in fact, a persuasive argument rather than a weak argument, but I don't see how you can say that it was so strong that they're not able to deal with it in one sentence, and they do deal with it in one sentence. I have an explanation. So that just does away with the rest of your argument, doesn't it? The evidence that I submitted, which the BIA did not even look at, which they wouldn't notice, was about general country conditions. But the way I used that evidence in my brief... The word moreover suggests that they looked at it. I look at it as moreover. Since we're not looking at those documents, all we have is the naked assertion in the brief by the attorney of record, and we are not going to take that attorney of record's bare naked assertions without corroborating evidence. That is how I read the moreover. Did you address the reviewability question? Sure. There are two published decisions that I have in my brief, Garza Moreno and Gaffarova, and those are cases where this court already decided that you have jurisdiction to review administrative... Oh, I'm sorry. Actually, Garza Moreno, I'm making a mistake. Gaffarova for sure says that you have... I got confused between administrative closure and administrative... We're trying to understand your argument. Okay. Gaffarova 100% definitely says that you have jurisdiction to review a one or three board member. I'm not talking about that. Oh, for administrative notice? I'm talking about ATN. Okay. So there are cases that the Sixth Circuit has saying that you have jurisdiction to review whether the agency follows its own regulations, and administrative notice is a regulation, 8 CFR 1003.1 D3 IV, and just like in other regulations where you have jurisdiction to review it, like the Gaffarova case reviewing a regulation about how many board members, reviewing a regulation about whether to do administrative closure in Garza Moreno, reviewing whether to do a continuance, that's a regulation about continuances. You've had many... You're only making a procedural argument. You're not making any argument that the BIA abused its discretion when it determined that it was not going to reopen here. I absolutely said that it was abuse of discretion. How can you do that when there's this doctrine that when you're talking about cancellation or removal, unlike asylum, you just don't have jurisdiction to review those things, and if you don't have jurisdiction to review them, you can't review an order deciding not to reopen a previous decision that you made. If you could, then you could circumvent the whole preclusion of review. Also, there's a case, Hernandez-Perez v. Whitaker, that says when there's a new basis for cancellation or removal, then you also have... This is the same basis, though. No, it's not, because the judge found that there was nothing in the record to support that the kids might get kidnapped or might become drug-carrying clans. Is that just new evidence for the same basis, though? No, it's taking something that the immigration just said was whimsy, was pure speculation, and saying... It's the same ground. You say, I've got more support for the same ground that I previously argued, right? It's not more support, it's support, because before there was no support in the record, there was no record, and it's new and previously unavailable. Why is the case revolving around crime and the conditions of crime and violence in Zacatecas? Mexico is where he's from. Mexico's a big country, so if crime is so prevalent in that locality, he doesn't have to live there. He could go anywhere in Mexico he wants to. Why are we talking about that? You know, there is a concept in asylum law that if you can go anywhere in a country, then... It's not an asylum. I know that. So that's why this family has their support system. If they're deported and they have to go somewhere, they're going to go where they own land, where they can make a living, where their family is. They're not going to be killed or subject to violence. There's violence all over Mexico. It happens in Zacatecas. It's worse, but it's really bad all over. Well, it's not the whole country. If that were the case, the argument would be no deportable person could go anywhere in Mexico. People get deported out of the US to Mexico all the time. That's not what the law is. There's plenty of places where crime is not that prevalent. It's also... You know, part of the standard is exceptional and unusual. I think this is an exceptionally large family. I mean, most families in the US don't have seven children. Then six of them are minors. So it's a lot of elements together. Especially bad for them because there's more of them to suffer? Is that the idea? There are more targets to hit. All right. Thank you. Thank you. May it please the court, Yanal Yusuf for the Attorney General. The court should dismiss the petition for review because it lacks jurisdiction over the discretion and denial of the application for cancellation and removal. While the petitioner can raise constitutional claims or questions of law, they fail to do so, and as such, dismissal of the petition is appropriate. Do you make any arguments in the alternative in case we find that there is jurisdiction? Sorry, may I repeat that, Your Honour? Do you make any arguments in the alternative in case we disagree with you on the pure jurisdictional issue? Well, Your Honour, focusing on, I guess, the country conditions evidence raised and submitted with a remand request, the board took a look at it and determined ultimately that it didn't establish prima facie eligibility, and I think... Let's assume for the moment that we disagree with the jurisdictional argument. We find some difference between, what is this, a reopening or something? It's a remand request, Your Honour. A remand request. Let's suppose we find some sort of distinction between a remand request and the preclusion of jurisdiction. Then you agree we should remand? No, Your Honour, I think... Where do you argue that we shouldn't? Where do you argue that in the affirmative? You don't argue that, do you? You only argue jurisdiction. Yes, Your Honour. I think because we do stand on that there is no jurisdiction based on the fact that not only just over the underlying cancellation denial but also of the most remand because it is the same hardship ground, which the court wouldn't have jurisdiction over. But additionally, I think it's important to note that the evidence is about what happens in Mexico. The fact of the matter is the immigration judge made a finding that it's unclear if the children would even... the qualifying relatives would even go back to Mexico. So the relevance of this evidence on top of the fact of what was discussed about country conditions aren't really what... Well, he said he would take the children and you don't have any reason or way to dispute that. He said they'd go with him. Actually, Your Honour, he testified that they wouldn't go with him but other times he was, I guess, maybe in the conversation about what would it be like for them if they were to go back. He, what's it called, indicated that he was... he kind of discussed it and I think the IJ ultimately made the conclusion it wasn't clear if they would go back and that's why the IJ and the board both did analysis of hardship in the US as well as Mexico because of that... the kind of that inconclusive nature of whether or not they would go back. So I think my point... going back to my point, this discussion of the country conditions evidence is... seems kind of tangential in the fact that it's unclear if they'd even go back. So whether that documentation would be irrelevant is, I think, part of... it may have been part of the consideration of what the board was saying in rejecting his remand request. You said that when you first started out the board did look at country conditions argument. Where in the record is it clear that they did that? Well, I guess it's kind of the discussion you were all having with my opposing counsel. You think from that language it's clear, it's not ambiguous. You think it's sufficiently clear? I think it could have been clearer, Your Honor, but I think at the end of the day they did... in addressing... well, that paragraph was about that document. It was first addressing the administrative notice and then ultimately they indicated, moreover, that this evidence here before us is insufficient and I'm not going to step into what the board was thinking but I think it goes back to that this is the same hardship claim. It's because they did, contrary to what was stated earlier, this fear of the violence and conditions in Mexico was, in fact, raised previously in part of the initial consideration and in considering that the immigration judge found that there was no hardship. Since it is the same hardship, there would be no jurisdiction. Well, your opposing counsel is not saying just that it wasn't raised. She's saying that he didn't look at the actual reports that the family advisor in the country conditions report that wasn't looked at because it wasn't attached is what the argument is, wasn't attached to their papers. You're referencing that this is the board, Your Honor? Yeah. Yeah, I understand that's the argument. I think based on our reading of it is that it's the moreover would address the agency ultimately kind of considered the country conditions, the board considered it, and just simply concluded that they didn't meet their heavy burden of demonstrating reopening was warranted. Well, they considered it, but are you saying that they held available to them and looked at the country report and the travel advisor even though it wasn't attached to the papers that were submitted? I think based on the language of the board, I mean, I'll admit that it's not as clear as it could be, but addressing the evidence in kind of the opening statement, the opening line of that paragraph, addressing this is the evidence they submitted, we will note that they weren't submitted, they were not attached as the regulations require for motions to remand, and then ultimately saying, moreover, this claim is insufficient to justify reopening. Sorry, remand for further consideration. So I think there was a sufficient consideration here by the board and ultimately concluding that the petitioner didn't meet their burden to justify remand. But we can't... We should therefore affirm on that legal issue or we should determine that that doesn't raise a legal issue and therefore we don't have jurisdiction to decide that? I've been struggling with that. I'm not entirely sure if that... I think you get to the same result because ultimately the evidence was insufficient or it's the same hardship ground and the fact that it's the same hardship ground, there's no jurisdiction. It's a esoteric question, I guess. I think it's just based on the... I think in different instances, for example, I don't know if this would be akin to... The agency would look... This court would have jurisdiction to look at if evidence was previously available and they would say, yes, it was or wasn't, and then they might reach the merits and then say, we don't have jurisdiction. So it could be something along those lines. But ultimately the same conclusion would be... To the extent it was legal, it's correct, and to the extent it's not legal, it's not reviewable. Yes, Your Honor. Counsel, in regard to the request for a three-judge panel, would you agree that we do have jurisdiction over that issue and that, therefore, we should deny that portion of the petition rather than dismiss? I mean, your conclusion is we should dismiss this petition in its entirety, but to be technically correct, shouldn't we hold that we have jurisdiction over that claim but then deny it? I guess that would be... I think you're right, Your Honor. I think it's a regulation that whether or not the agency applied this regulation, and this court has indicated it would have jurisdiction over assessing whether or not the agency followed its precedent or its regulations. But I think the conclusion will be the same based on... Well, it would be technically deny rather than dismiss. Yeah, I believe so. We try to have these niceties correct. I understand. I think our focus on the jurisdiction might have kind of been aggressive. All right, thank you. Thank you so much for your time, Your Honor. I had inspiration. I'm sorry. In terms of whether the country report had to be actually physically submitted and all that, and it was wrong to decide the matter without that having been done, what's your strongest case law for your position on that issue? As to whether the BIE should have required the country reports and travel advisory to actually be submitted or not submitted with your client's submissions. Off the top of my head, I think that I wasn't relying on a specific case. I was basically relying on the absurdity of saying that I downloaded this from your website and now you're telling me that you don't know anything about it. In that regard, if all the information is available on the website and the BIE could access the website, does it really make a difference whether or not the information was submitted? I just do so many cases and I see the board taking administrative notice of new country conditions all the time. I think I had stacks and stacks of cases, and I can't remember the names off the top of my head, where the board takes administrative notice. They usually take it when they want the person to lose and they say, oh, Canada used to be safe, but now there's a dictator, that kind of thing. But here, I wish I had attached it, but I think that it was an abuse of discretion not to take notice. Also, if you're saying that they, moreover, looked at the general country conditions, how did they do that if they didn't take administrative notice? Either they did or they didn't. They didn't because they said they weren't. You didn't turn square corners, which is a little picky on their part. They explicitly said that they were not taking administrative notice. I'm going to believe what they said explicitly. The other thing, in terms of jurisdiction about new facts, or whether, as Judge Griffin said, maybe these are not new facts, there is a precedent decision, Oberto Rochas, which says that you have jurisdiction in cancellation cases over overlooked facts that are material. Even if you say that this is not a new hardship, under Oberto Rochas, which I'm sure I cited in my brief, is another avenue for jurisdiction because it's a material overlooked fact. Kind of limited to its facts in the ATM case, don't you think? I think that I actually had more than one case like that. I don't remember the other names. Also, in terms of whether, Judge Clay, you asked me, can't they just live somewhere else in Mexico that's the safest place in Mexico? I remember reading a BIA unpublished decision where they actually overruled a judge who said they could move somewhere else, and I will try to locate it and try to get that decision to you as a showing that they don't expect in cancellation cases for people to relocate internally like they do in asylum cases. All right, okay. Thank you very much. Thank you. Thank you.